UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN RE BANKAMERICA CORP.  )
SECURITIES LITIGATION    )
                         )   No. 4:99-MD-1264 (CEJ)

**MEMORANDUM AND ORDER**

This matter is before the Court on a motion to intervene filed by Edward D. Jones & Co., L.P ("Edward Jones"). None of the parties have filed any opposition to the motion and the time allowed for doing so has expired.

**I. Background**

This class action litigation arises out of the 1998 merger between NationsBank Corporation and BankAmerica Corporation. The Court certified two separate shareholder classes: (1) the NationsBank class, including those shareholders with NationsBank stock at the time of the merger; and (2) the BankAmerica class, representing those shareholders with BankAmerica stock. The Court approved a settlement for both classes on September 30, 2002.

Edward Jones is a licensed broker that holds securities in street name for the benefit of its clients. Some of its clients were owners of BankAmerica and NationsBank stock and were entitled to submit claims to be paid out of the respective settlement funds. Edward Jones properly submitted to the Claims Administrator the names and addresses of clients who held BankAmerica stock, but failed to do the same for the clients who held NationsBank stock.

After extending the deadline to submit claims on multiple occasions, the Court set May 1, 2004 as the final deadline for claims, stating that claims submitted after that date would not "be accepted for any reason whatsoever." On August 26, 2005, the Court denied Edward Jones' request to allow its NationsBank clients to file claims beyond the May 1, 2004 deadline, finding that the failure to timely file claims was due to the negligence of Edward Jones.

On December 9, 2005, the Court denied a motion by Edward Jones to reconsider the August 2005 ruling. The Court ruled that it would still not allow Edward Jones's clients to submit late claims, especially since Edward Jones had not yet taken any responsibility for its earlier error.[1] The Court also concluded that, even if it were inclined to allow the late claims of Edward Jones' clients, there would not be sufficient funds in the settlement account to pay for their claims in addition to the late claims filed by other members of the NationsBank class.[2] The Court found there to be no compelling reason to satisfy the claims of Edward Jones' clients before the claims of the other late claimants.

Edward Jones decided to pay its clients, out of its own pocket, the amounts that the clients would have been entitled to under the

---

[1] The Court noted that, even as of June 27, 2005, Edward Jones had not attempted to remedy its error by filing the necessary paperwork and had not advised its clients of the losses that they faced.

[2] As of December 2005, approximately 260 late claims, excluding those offered by Edward Jones, were filed in the case. These other late claims totaled approximately $1.8 million. The late claims of Edward Jones' clients would amount to approximately $2.32 million.

settlement distribution. After all checks had been written, the amount paid by Edward Jones totaled $2,323,821.02.[3]

The Court went forward with the distribution of the settlement funds to those claimants with timely, valid claims. A final distribution was ordered on June 16, 2008, but was subsequently stayed by the Court in August 2008. Even allowing for the amounts to be distributed in this final distribution order, the NationsBank settlement fund maintained a surplus of approximately $2,192,926.70. The settlement agreement contains no right of reversion to defendants, and the Court has not yet determined how to distribute the remaining funds.

Edward Jones now seeks to intervene in this action so that it can assert an equitable claim on this surplus amount. Edward Jones insists that it should be entitled to stand "in the shoes of its clients who are [NationsBank] class members" and get reimbursed, out of the NationsBank surplus, for the $2.3 million it paid to its clients. Edward Jones characterizes its action as advancing funds to class members. Edward Jones notes that, absent intervention, it risks a loss of the $2.3 million even though it was not a party to the underlying suit.

## II. Discussion

Under Fed. R. Civ. P. 24(a)(2), a party may intervene as a matter of right "upon the filing of a timely motion if: (1) [it] has

---

[3]Edward Jones states that it is prepared to pay to its clients an additional $7,267.28 should the Court lift the stay on a final distribution order signed on June 16, 2008.

a cognizable interest in the subject matter of the litigation, (2) the interest may be impaired as a result of the litigation, and (3) the interest is not adequately protected by the existing parties to the litigation." Medical Liability Mut. Ins. Co. v. Alan Curtis LLC, 485 F.3d 1006, 1008 (8th Cir. 2007). "Whether a motion to intervene is timely is determined by considering all the circumstances of the case." United States v. Union Elec. Co., 64 F.3d 1152, 1158-59 (8th Cir. 1995).

Edward Jones claims that it only recently learned of the NationsBank fund surplus. Because Edward Jones' motion to intervene concerns the distribution of this surplus, the Court finds that its motion to intervene is timely.

The remaining issue is whether Edward Jones "has a cognizable interest in the subject matter" of this case. Medical Liability Mut. Ins. Co., 485 F.3d at 1008. Particularly, whether Edward Jones has a cognizable interest in the funds remaining in the NationsBank settlement account.[4]

Edward Jones compares its situation to that described in Wilson v. Southwest Airlines, 880 F.2d 807, 816 (5th Cir. 1989). In Wilson, the class action settlement fund had a surplus of over $500,000.00, after all claimants were paid from the fund. The court found that there were no parties with any legal right to the fund, although class counsel had an equitable right to some of the surplus

---

[4]The Court is convinced that, if Edward Jones does have a cognizable interest, such an interest would not be adequately protected by the existing parties.

amount in order to recover additional attorneys' fees for unpaid hours of work.  Id. at 813.  Additionally, the Court found that Southwest Airlines, the defendant in the class action, had an equitable claim to the money, since Southwest had paid the money in order to compensate the class, a purpose that had been fulfilled. Id.  The Court concluded that, "[s]ince Southwest turned over its money in the clear and reasonable expectation that the money was required for the specific purpose of compensating the class, its equitable claim to any money remaining after the accomplishment of that purpose is compelling."  Id.  The court found that the nonclaiming class members had no equitable rights.  Id. at 816.

Edward Jones claims that it sits in a position comparable to Southwest Airlines in Wilson, since it "advanced" money to members of the class with the reasonable expectation that it was necessary to fully compensate the class members.  It claims that, since the purpose of compensating the class has been achieved, Edward Jones retains an equitable interest to be reimbursed for the amounts it had "advanced" to the class members.

The Court disagrees and finds that Edward Jones retains no legal or equitable interest to the funds in the NationsBank settlement account.  The situation in Wilson is not comparable to the situation here.  Unlike in Wilson, Edward Jones did not pay class members pursuant to a settlement agreement for the purpose of compensating the class as a whole.  The settlement agreement did not obligate Edward Jones to pay anything to its clients.  Instead, Edward Jones

voluntarily paid its clients what they would have gotten under the settlement had Edward Jones not been negligent in failing to provide those clients notice that they were members of the class. Edward Jones' interest in paying these sums was not to compensate the class for defendants' wrongdoing, but was to protect itself from liability for its own negligence.[5] The action of Edward Jones in paying its clients is akin to the actions of the defendants in Diamond Chemical Co., Inc. v. Akzo Nobel Chemicals B.V., 517 F.Supp.2d 212 (D. D.C. 2007), who "willingly and obtained a benefit from the agreements above and beyond the compensation of [late] claiming class members, namely a release from further litigation." Id. at 218.

Edward Jones claims that it stands in the shoes of its clients who are class members. This claim obscures the reality that Edward Jones' clients are not entitled to collect from the settlement fund due to their failure to submit timely claims. Because the Edward Jones clients themselves have no right to the settlement funds, Edward Jones can have no interest in the funds. The only class members that Edward Jones paid were those that would not have been paid out of the settlement fund anyway. Indeed, a reimbursement to Edward Jones out of the settlement fund would have the effect of paying the claims of Edward Jones' clients, even though they did not

---

[5]Although Edward Jones goes to great lengths in its memoranda to act as if it "advanced" the funds to their clients, giving the impression that it was simply doing the Claims Administrator a favor, it has in the past admitted to the Court that the failure to timely file the claims resulted from its own negligence. (Docket # 677). At the same hearing, Edward Jones acknowledged that, unless they could participate in this settlement, they would potentially be exposed to 9,000 lawsuits based on this negligence.

submit timely claims.  There is no reason why the fund should pay the untimely claims of Edward Jones' clients without also satisfying the other 260-plus late claims, and the surplus is not sufficient to satisfy both.

The Court concludes that Edward Jones has failed to show that it has a cognizable legal or equitable interest in the remaining balance of the NationsBank settlement fund.  Therefore, it is not entitled to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2).

Additionally, the Court will not permit Edward Jones to intervene under Fed. R. Civ. P. 24(b), which allows permissive intervention under certain circumstances.  This motion represents Edward Jones' third attempt to escape the consequences of its negligence.  The Court is still not persuaded that the settlement fund is under any legal, or equitable, obligation to remedy Edward Jones' negligence.  Therefore, the Court declines to allow Edward Jones to intervene under Fed. R. Civ. P. 24(b).

Accordingly,

**IT IS HEREBY ORDERED** that the motion [#706] of Edward Jones to intervene and stay disposition of funds is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of February, 2009.