UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|   |   |   |
|---|---|---|
| IN RE BANKAMERICA CORP. SECURITIES LITIGATION | ) ) ) ) ) ) ) ) | No. 4:99-MD-1264 (CEJ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of the NationsBank class to file a supplemental complaint, and the motion of the Claims Administrator, Heffler, Radetich & Saitta ("Heffler"), to strike the supplemental complaint. The motions are each opposed and have been fully briefed.

The underlying class action complaint in this action arises from the defendants' alleged failure to disclose information to shareholders prior to the merger of NationsBank Corporation and BankAmerica Corporation. A settlement was approved by the Court and settlement funds were distributed to members of each class. A sizeable surplus exists in the settlement accounts. An even larger surplus would have existed in the NationsBank settlement funds had it not been for the criminal activities of Heffler's employee. Lead counsel for the NationsBank class seeks leave of Court under Fed.R.Civ.P. 15(d) to file a supplemental complaint against Heffler seeking recovery of $5.8 million dollars allegedly owed to the NationsBank class. Heffler contends that the facts alleged in the supplemental complaint are unrelated to the facts of the underlying class action in this matter. Heffler asserts that NationsBank's claims would be more appropriately filed as a separate action.

Pursuant to Fed.R.Civ.P. 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that

happened after the date of the pleading to be supplemented." "The rule is permissive for the parties and discretionary for the court." Baker Group, L.C. v. Burlington Northern and Santa Fe Ry. Co., 228 F.3d 883, 886 (8th Cir. 2000). The rule is "intended to give district courts broad discretion in allowing supplemental pleadings." Fed.R.Civ.P. 15, 1963 Amendment notes. Supplemental complaints stating claims against new parties are acceptable, so long as the claims are a continuation of the underlying case and the supplemental complaint is necessary "to achieve an orderly and fair administration of justice." Griffin v. County School Bd. of Prince Edward Co., 377 U.S. 218, 226 (1964). However, when claims are separate and distinct from the underlying case, the claims "are more appropriately brought in a separate suit." Paige v. Harper, 2009 WL 36409 at *2 (E.D. Mo. 2009).

The proposed supplemental complaint alleges that Heffler breached its fiduciary duty in acting as the Claims Administrator by approving the payment of false claims filed by its employee. The NationsBank class also proposes to assert claims of negligent misrepresentation, accountant malpractice, conversion, and money had and received. The proposed complaint contains a prayer for damages in the sum of $5,879,073.36, plus interest and attorney's fees.

While the claims in the supplemental complaint are connected to this matter through Heffler's capacity as the Claims Administrator, the Court finds that they are not similar enough in substance to the claims in the underlying action to justify supplemental pleading, especially under the circumstances present in this case. The alleged facts supporting the claims in the supplemental complaint bear little resemblance to any claims in the underlying class action. The supplemental complaint asserts tort claims against Heffler, including misrepresentation and accountant malpractice, while the underlying class action complaint asserted securities claims against BankAmerica. The evidence needed to prove the allegations within the

supplemental complaint will be completely different from the evidence that was necessary to prove the allegations in the underlying complaint. For this reason, the Court believes that the claims in the supplemental complaint are separate and distinct from the claims in underlying lawsuit and "are more appropriately brought in a separate suit." Paige, 2009 WL 36409 at *2 (E.D. Mo. 2009).

Other considerations in this matter also guide the Court's analysis. First, the Court notes that Heffler continues to act as the Claims Administrator in this action. In the recent past, counsel for the NationsBank class has filed motions seeking re-distribution of settlement funds to a few claimants. The Court granted the re-distribution and Heffler was required to distribute the funds even while defending the supplemental complaint filed against it. Further, counsel for the NationsBank class has asked the Court for permission to withhold payment from Heffler pending resolution of the supplemental complaint. Therefore, if the Court were to allow the supplemental complaint to proceed in this action, Heffler would be required to continue serving as a Claims Administrator, potentially without payment, for the NationsBank class while at the same time (and in the same action) being sued by that class.

Finally, a sizeable surplus remains in the settlement accounts at this time. All that remains in this case, other than the proposed supplemental complaint, is a decision regarding the disposition of those funds. While the successful prosecution of the supplemental complaint may add to the amount of the surplus, it would not change the Court's analysis of what would be an appropriate disposition of the funds that have already been sitting in the settlement accounts for several years. Allowing the supplemental complaint to proceed within this action would only further delay the ultimate disposition of these funds.

The Court recognizes that it has broad discretion under Fed. R. Civ. P. 15(d) to allow supplemental pleadings, and should determine "in the light of the particular

circumstances whether filing should be permitted". See Fed. R. Civ. P. 15, 1963 Amendment Notes. For the reasons explained above, the circumstances in this case compel the denial of the motion to file the supplemental complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the motion [#745] of Heffler, Radetich & Saitta, LLP to strike the supplemental complaint is **granted**.

**IT IS FURTHER ORDERED** that the motion [#749] of the NationsBank class for leave to file the supplemental complaint is **denied**.

**IT IS FURTHER ORDERED** that the motion [#725] of the NationsBank class to set aside monies owed the Claims Administrator pending resolution of the supplemental complaint is **denied as moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 5th day of November, 2010.