UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
Eastern Division

IN RE BANKAMERICA CORP.           )         MDL No. 1264
SECURITIES LITIGATION              )         Judge Carol E. Jackson

**NATIONSBANK CLASSES' MOTION TO TERMINATE THEIR CASE,
PAY ATTORNEY'S FEES FOR POST-SETTLEMENT WORK IN THE CASE,
AND PAY OUT SURPLUS SETTLEMENT FUNDS THROUGH A CY PRES**

Green Jacobson, P.C., in its roles as lead counsel for the NationsBank Classes and liaison counsel for all classes,[1] hereby moves on behalf of the NationsBank and Classes for an Order:

(1) Awarding attorneys' fees to Green Jacobson, P.C., from the NationsBank Classes' surplus settlement funds for the legal work Green Jacobson performed in this class action monitoring and administering the settlement since December 2004 following the first complete distribution of settlement proceeds to class members;

(2) Paying out the remaining surplus settlement funds from the NationsBank Classes' settlement fund to suitable charitable entities pursuant to the *cy pres* doctrine;

(3) Terminating this class action with respect to the NationsBank Classes; and

(4) Eliminating the office of liaison counsel and allowing Green Jacobson, P.C., to cease having any further obligations with respect to this case.

---

[1] Although Green Jacobson has gone through several name changes since this class action was filed, it is still the same law firm that initially filed the case and that was appointed lead counsel and liaison counsel.

# HISTORY

This class action was filed in 1998. After extensive discovery and pretrial motions, the parties reached a settlement that was approved by the court over objections in October 2002, the late Senior Judge John F. Nangle presiding. Some objectors appealed the court's approval of the settlement, but the Eighth Circuit affirmed the settlement in December 2003. The claims process proceeded and by December 2004 the settlement funds had been fully distributed to the class members.[2]

Since completion of the initial settlement distributions in November 2004, Green Jacobson has continued to administer and perform legal work in this class action. A large number of unexpected post-settlement issue arose, which collectively required substantial attorney time to handle. These matters included, but were not limited to:

- The failure of the Bank of America Trust Department to submit settlement claims on behalf of the persons whose shares it held in trust. [Doc 645, 647].

- The failure of the brokerage firm Edward Jones & Company to submit to the claims administrator the names and addresses of customers who

---

[2] Notwithstanding the full distribution of settlement funds, there are funds remaining in the NationsBank Classes' settlement funds. These funds consists of unclaimed distributions (both distributions where checks were returned as undeliverable and an investigation was unable to locate a new address for the class member, and distributions where checks were not returned but were never cashed), recovery of funds from an individual who defrauded the settlement fund, and interest on the settlement funds. This motion seeks to dispose of these remaining funds.

owned approximately 5 million shares in street name with Jones. This information was needed to provide these shareholders with notice of the settlement and of the claims procedure. Jones thereby deprived its customers of the opportunity to submit claims in the settlement. Jones's admitted negligence led to a separate settlement with Jones (adding to the funds available to class members) which, in turn, raised special tax issues for these members of the class, which tax issues had to be resolved. [*See, e.g.*, Doc 670, 677, 712].

- From time to time, class members learned about the settlement, sometimes years after the distribution. Some of these class members would have been entitled to substantial sums from the settlement fund if they had timely submitted claims. Green Jacobson assisted these class members through the preparation and filing of motions to permit the late approval of their claims and the payment of settlement funds to them. [*See, e.g.*, Doc 686 (approving late claims)].

- From time to time class members faced unusual circumstances that required their claims to be approved out of the usual course, or that required expired checks to be reissued. Green Jacobson assisted those class members as well in getting payments from the settlement funds. [*See, e.g.*, Doc 650 (approving $578,654.64 in claims overlooked by the claims administrator); Doc 686 (approving late claims for class member

>    who received no claim notice); Doc. 729 (approving reissue of check lost in hurricane).
> 
> - An investment house, AllianceBernstein Investments, discovered that it had made errors in hundreds of claims filed by it on behalf of its clients, requiring cancellation, recalculation, and reissuance of settlement distribution checks. Green Jacobson shepherded this process, working with Judge Nangle and the claims administrator to correct the record and obtain a payout for these class members.
> 
> - It was discovered that a con artist named Lagerveld had submitted claims against the NationsBank Classes' settlement funds supported by forged documents. Dealing with the situation involved extensive work with law enforcement, prosecutors, and Judge Nangle. These efforts ultimately resulted in a full recovery of the funds stolen by Lagerveld.[3]
> 
> - It was discovered that an accountant employed by the claims administrator, a man named Penta, was part of a scheme to defraud several large class action settlements, including the NationsBank Classes' component of this settlement. The BankAmerica Classes did not suffer a loss in the

---

[3] In its order dated June 16, 2008, the court noted that, "this Court and lead counsel have overseen and continue to closely oversee the processing of Proofs of Claims and the distribution of the Net Settlement Funds to the Authorized Claimants, and … this Court, with the assistance of lead counsel, has recovered over $415,000 in assets which had been fraudulently stolen from the NationsBank Net Settlement Fund…" [Doc 694 at 1-2].

>   Penta fraud. Unfortunately, in contrast with the Lagerveld matter, Penta
>   and his cohorts did not retain their illegal gains, and neither the claims
>   administrator's net worth nor its insurance are sufficient to provide for
>   more than a negligible recovery of the total amount stolen through
>   Penta's fraudulent schemes. Dealing with this situation required extensive time by Green Jacobson.

The unusual duration of this case post-settlement is reflected in the fact that beginning in early 2007, Judge Nangle began requiring lead counsel to submit multiple alternative proposed orders for the winding-up and final distribution of the remaining settlement funds, including a *cy pres* component. In June 2008, Judge Nangle issued his order to make an additional round of distributions from the two settlement funds. [Doc 694]. This order referenced an earlier order from 2004 stating that the court was prepared to close this case and providing for a *cy pres* distribution of any surplus remaining after a second distribution. [Doc 630 at 3].[4]

The June 2008 distribution, if performed at the time, would have left surpluses of approximately $2.2 million in the NationsBank settlement fund (and approximately $1.3 million in the BankAmerica settlement fund) if all of the distribution checks were

---

[4] The June 14, 2004 order stated: "If, after five months following said second distribution, any funds remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) as determined by the Court in its sole discretion…" [Doc 630 at 3].

cashed. *See* July 10, 2008 bi-monthly status report letter and July 15, 2008 supplemental status report letter.

The distribution ordered in June 2008 was almost immediately stayed by the court in light of the Penta fraud situation by an order issued August 6, 2008. [Doc 695].

Judge Nangle died before finalizing and closing the case. This class action was then reassigned to Judge Carol E. Jackson. Judge Jackson entered an order April 15, 2009 lifting the August 2008 stay of the June 2008 distribution order. The distributions were completed, but open issues remained concerning the Penta fraud, possible claims against the claims administrator, and efforts by a lead plaintiff, David Oetting, to take control of the case to prosecute claims against the claims administrator.

The case has remained in essentially the same status — or stasis — since final distributions were made following the April 2009 order.

## PRESENT SITUATION

As shown in the most recent bi-monthly report, the NationsBank Classes have approximately $2.4 million in unclaimed or surplus funds.[5] This amount is close to the amount of unclaimed or surplus funds Judge Nangle anticipated would ultimately be available for a *cy pres* distribution when the court issued its June 2008 final distribution order.

---

[5] The BankAmerica Classes have approximately $1.4 million in unclaimed or surplus funds left in their settlement fund. We anticipate that lead counsel for those classes will file their motion to terminate that portion of this class action in the near future.

The situation with respect to possible claims against the claims administrator and its insurance with respect to the Penta affair remains unchanged. There is no likelihood that the settlement funds will recover any substantial part of the money stolen. The NationsBank Classes' potential share of insurance proceeds is reported to be approximately $280,000.

It is therefore the view of lead counsel that it is time to wind up this class action and distribute the remaining surplus funds to one or more suitable charities through a *cy pres* order as determined by the court. [*See* Doc 763 (should not further delay determining disposition of settlement funds surplus)].

In addition, lead counsel requests that the court enter an order awarding attorneys' fees to Green Jacobson from the NationsBank Classes's surplus settlement fund to compensate it for the many hours of work it performed in this class action in the over seven years since the initial full distribution was completed in 2004.

## RELIEF REQUESTED

It is therefore requested that the Court enter its order granting the following relief with respect to the funds in the settlement fund for the NationsBank Classes:

1.  Pay Green Jacobson, P.C., the sum of $98,114.34 as attorneys' fees for the work performed by that law firm beginning in December 2004, as described in further detail in the Declaration of Martin M. Green attached hereto.

2. Distribute the approximately $2.4 million in funds remaining in the NationsBank Classes' settlement fund in the following proportions to the following charitable organizations under the *cy pres* doctrine:

A. Fifty percent (50%) to Legal Services of Eastern Missouri, a private, non-profit 501(c)(3) organization providing legal assistance to the low-income community in 21 counties of eastern Missouri;

B. Thirty percent (30%) to Mathews Dickey Boys' & Girls' Club, a non-profit, 501(c)(3) United Way member agency providing recreational opportunities and social services to over 40,000 at-risk children, youths, and young adults throughout the St. Louis metropolitan area; and

C. Twenty percent (20%) to The Backstoppers, Inc., a private, non-profit 501(c)(3) corporation providing financial assistance to the families of local and county police officers, firefighters, publicly-funded paramedics and EMTs, and volunteer fire protection units, who lose their lives performing their duty in 13 Missouri and 5 Illinois counties in the St. Louis and Cape Girardeau metropolitan areas.

With respect to any funds that may be recovered on behalf of the NationsBank Class in any action arising out of the Penta affair, order that the funds recovered, net of attorneys' fees and expenses, be distributed under the *cy pres* doctrine to Legal Services of Eastern Missouri, Mathew Dickey Boys' & Girls' Club, and The Backstoppers, Inc., in the same proportions as stated above.

Finally, the NationsBank Classes request that the court close this case with respect to their classes and release Green Jacobson, P.C., of any further obligations as liaison counsel in this case.

        Respectfully submitted,

        GREEN JACOBSON, P.C.

    By:    /s/ Joe D. Jacobson
        Martin M. Green, MO16465
        Joe D. Jacobson, MO33715
        Jonathan F. Andres, MO39531
        7733 Forsyth Blvd., Suite 700
        Clayton, MO 63105

        Tel: (314) 862-6800
        Fax: (314) 862-1606

        Lead counsel for the NationsBank
        Classes and liaison counsel

## CERTIFICATE OF SERVICE

The filing attorney certifies that on September 21, 2012, the foregoing and its attachments were filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all parties entitled to service.