UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
Eastern Division

IN RE BANKAMERICA CORP.        )        no.: 4:99-MD-1264 (cej)
SECURITIES LITIGATION          )

**BRIEF IN SUPPORT OF BANKAMERICA CLASSES'
MOTION FOR FINAL DISTRIBUTION OF THE NET SETTLEMENT FUND,
APPLICATION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF
LITIGATION EXPENSES, PAYMENT OF UNREIMBURSED EXPENSES OF THE
CLAIMS ADMINISTRATOR AND *CY PRES* DISTRIBUTION OF ANY FUNDS
REMAINING IN THE BANKAMERICA CLASSES' SETTLEMENT FUND**

Lead Counsel for the BankAmerica Classes respectfully submit this brief in support of their motion on behalf of the BankAmerica Classes for an order awarding attorneys' fees and reimbursement of expenses, granting payment to the claims administrator of its remaining fees and expenses, approving a final distribution of the remaining balance of the BankAmerica settlement fund, and ordering the *cy pres* distribution of any residual funds remaining after the final distribution to certain non-sectarian, non-profit 501(c)(3) organizations. The background of this action with particular regard to the BankAmerica Classes and settlement fund that is the subject of this motion is set forth in the Affidavit of Arthur N. Abbey, submitted herewith.

I.   **Final Distribution to BankAmerica Class Members**

Lead Counsel for the BankAmerica Classes submit that a final distribution to the BankAmerica Classes and *cy pres* distribution of any residual funds that remain unclaimed is appropriate at this time. The Eighth Circuit in *In re Airline Ticket Commission Antitrust Litigation*, 268 F.3d 619 (8th Cir. 2001), has recognized that the district courts have broad discretion in determining the disposition of unclaimed class action settlement funds that remain

1

after initial efforts to distribute to eligible claimants have been completed. So long as the interests of all class members have been properly considered, the final disposition of class funds, whether to class members or to *cy pres* recipients, will not be disturbed. In this case, Lead Counsel for the BankAmerica Classes respectfully submit that a final distribution should be made to BankAmerica class members who are most likely to be located and who would on the proposed final distribution receive an amount that justifies the expense of the distribution.

To assure that the remaining settlement funds are most efficiently distributed, BankAmerica lead counsel propose that distribution checks be issued only to those BankAmerica class members who cashed their checks in the prior distribution in 2009 and who would receive at least $100 in this final distribution, as determined by the claims administrator. These are the same conditions that the Court placed on the last distribution of settlement funds to the BankAmerica and NationsBank Classes in 2009. Approximately $1,376,000 remains in the BankAmerica settlement fund. The amount to be distributed to BankAmerica class members, net of the requested attorneys' fees and expenses and fees and expenses of the claims administrator, will thus be in excess of $1 million.

## II.  Application for Post-Settlement Attorneys' Fees and Expenses

Abbey Spanier, LLP, as lead counsel for the BankAmerica Classes, has requested an award of attorneys' fees and reimbursement of litigation expenses for the time it has spent since October 15, 2002, the date through which lead counsel were initially awarded fees and expenses for their work in litigating the BankAmerica Class Members' claims and in achieving the Settlement that was approved on September 30, 2002. The request is for $302,870 in fees and

$12,474.84 in expenses. As more fully set forth in the Affidavit of Arthur N. Abbey, submitted herewith, lead counsel for the BankAmerica Classes has spent substantial necessary time, resources and expense subsequent to the approval of the Settlement of this action. BankAmerica Lead Counsel defended the $153.6 million BankAmerica settlement when it was threatened by appeal from objectors, including certain lead plaintiffs for the NationsBank Classes, who sought to overturn the aggregate $490 million settlement entirely or to reduce the amount received by the BankAmerica Classes in favor of the NationsBank Classes. This appeal was fully briefed and argued in the Eighth Circuit, which rejected the objectors' attack in June 2003 and then denied their petition for *en banc* review.

Thereafter, Judge Nangle issued an order for administration and distribution of the settlement funds on June 14, 2004. The administration of this large settlement fund and distribution to tens of thousands of eligible institutional and individual claimants was complex and required substantial participation of the Court and Lead Counsel, in addition to the claims administrator. Moreover, the claims process encountered unanticipated problems that required substantial additional work by Lead Counsel, including criminal fraud against the NationsBank settlement fund and several issues concerning claims submitted by large institutional owners and fiduciaries for beneficial owners of BankAmerica and NationsBank stock involved in the merger that was the subject of the litigation. The distribution process has also been disrupted by ongoing collateral efforts by certain of the NationsBank lead plaintiff objectors in this and other courts attacking the Settlement. As a result, the post-settlement period has been unusually long and has required substantial additional and extraordinary work by lead counsel over a period in excess of

3

ten years, for which no compensation has been received and no expenses have been reimbursed. The time spent by Abbey Spanier in these post-settlement matters is summarized in Exhibit A to the Affidavit of Arthur N. Abbey. Detailed records of the time and specific work performed are available should the Court wish to review them.

Under these circumstances, where counsel has not only assisted in the administration, monitoring and multiple distributions of a very substantial settlement fund to a large body of individual and institutional claimants, but has also defended the BankAmerica Classes' fund and protected the rights of BankAmerica Class Members, we respectfully submit that the Court may and should award the attorneys' fees and expenses requested.

The Eighth Circuit in *Powell v. Georgia Pacific Corp.,* 119 F 3d 703,707 (8th Cir. 1997) has recognized an equitable entitlement to reasonable fees for time spent by attorneys in connection with carrying out the terms and intent of a consent decree in a class action race discrimination case. In that case, the Eighth Circuit overruled the district court that had refused to consider a fee application eight years after initial distribution had passed and where the decree itself limited fees to a period no longer than 90 days after an initial distribution of funds. *Id.* at 707.

The Second Circuit has also recognized that a district judge may award supplemental fees to compensate counsel fully for time expended in a case after the date covered by a prior fee application and award. *Goodman v. Heublein, Inc.,* 682 F.2d 44, 48 (2d Cir. 1982). In *Heublein,* an age discrimination case, the Second Circuit held that reasonable supplemental fees could be awarded for time devoted to matters arising after a settlement of claims and not included in the

4

prior fee award. The principle established in *Goodman* was recently followed in a complex securities fraud class action, *In re Nortel Networks Corp. Securities Litigation*, No. 01 Civ. 1855 (RMB), 2010 WL 3431152 (S.D.N.Y. Aug. 20, 2010). In *Nortel*, the District Court considered a July 10, 2010, application for additional legal fees not included in an initial fee application that had been presented in September 2006 and decided in January 2007. The supplemental fees were to be paid from the remaining assets of the common settlement fund. In its earlier 2007 decision, the District Court had granted lead counsel's application and awarded $34 million in attorneys' fees and $4 million in litigation expenses after approving a large class settlement. The subsequent 2010 application by two lead plaintiff firms sought additional attorneys' fees of approximately $1.68 million and expenses of $480,000 for services not included in the earlier fee award. Citing *Goodman*, the Nortel district court, in approving part of the fees requested, held that "[a] court may also 'award . . . supplemental fees to compensate counsel' for, among other things, reasonable fees and expenses not anticipated at the time of the initial fee award." *Nortel* at *2, citing *Goodman*, 682 F.2d at 48. The unanticipated post-settlement work that was approved by the district court in *Nortel* included review of disputed proofs of claim at the Court's direction and work on additional rounds of distributions to class members. BankAmerica lead counsel's application here is grounded on tasks comparable to those approved in Nortel and on work that was even less anticipated, such as the objector's appeal claiming the BankAmerica settlement fund was too large and tasks related to investigating possible fraud affecting the BankAmerica fund. Plaintiffs' lead counsel respectfully submit that for these reasons their

5

application for an award of additional fees for post-settlement work benefiting the class and for reimbursement of related expenses should be approved.

### III. The Reasonable Fees and Expenses of the Claims Administrator Should be Paid

Heffler, Radetich & Saitta, LLP ("Heffler") has served as the claims administrator for the BankAmerica and NationsBank settlement funds in this action since the Settlement was approved in 2002. Heffler will incur expenses in carrying out the final distribution and winding down of the BankAmerica portion of the settlement fund if the Court grants the instant motion. Heffler has estimated that the cost of these services (which do not include services in connection with the final distribution of the NationsBank portion of the settlement fund) will be at most $21,000. BankAmerica lead counsel therefore requests that this amount be reserved in the BankAmerica settlement fund prior to final distribution to the BankAmerica Classes and any subsequent *cy pres* distribution of residual settlement funds. The Court may then order the payment of final fees and expenses to Heffler upon submission of its final invoice. BankAmerica Classes take no position with regard to other proceedings involving the claims administrator (see, e.g., Dkt. 782), but have no reason to believe that the BankAmerica settlement fund has been adversely affected by any of the conduct at issue in those proceedings.

### IV.      *Cy Pres* Distribution of Remaining Settlement Funds

If the final distribution to BankAmerica Class Members proceeds as proposed herein, it is unlikely that a very substantial amount will remain in the BankAmerica settlement fund. Pursuant to the Court's June 2004 distribution order (Dkt. 630), Judge Nangle provided that residual settlement funds remaining after distribution to class members would be distributed to

6

non-sectarian, non-profit 501(c)(3) organizations. The decision to make such *cy pres* distributions and to approve the recipients is, under the circumstances presented here, clearly within the discretion of the Court. *Powell*, 119 F.3d at 705-06. BankAmerica Lead Counsel have proposed that *cy pres* distributions be made in equal parts to four non-sectarian, non-profit 501(c)(3) organizations performing legal services for the benefit of their communities or providing law related programs that benefit promote the administration of justice and expand knowledge of the law and legal system. Those organizations are:

(a)   Legal Services of Eastern Missouri, which provides legal assistance to low-income persons 21 counties of eastern Missouri;

(b)   The Federal Bar Foundation, a national organization that promotes the administration of justice and study of law, through, among other things, sponsorship of continuing legal education programs, educational publications and programs and exhibits relating to legal history and culture;

(c)   MFY Legal Services, Inc., a New York City legal services corporation that serves the lower income community; and currently maintains programs to assist victims of hurricane Sandy, as well as ongoing programs and litigation promoting and defending rights of low income workers, the mentally ill, nursing home residents, home healthcare workers, tenants, social security disability claimants, kinship caregivers, homeowners threatened with foreclosure and mortgage modification abuses and others.

(d)   The Kathryn A. McDonald Education Advocacy Project of the Legal Aid Society of New

York, which provides early intervention and special education advocacy for children involved in child protective proceedings in New York City.

*Cy pres* distributions to such organizations that benefit the public interest, even if unrelated to the original claims that led to the settlement, are clearly within the broad discretionary powers of the courts when distributing unclaimed class funds. *Van Gemert v. Boeing, Co.*, 739 F.2d 730, 737 (2d Cir. 1984); *In re Motorsports Merch. Antitrust Litig.*, 160 F. Supp. 2d 1392, 1394 (N.D. Ga. 2001).

IV.   **Conclusion**

For the reasons set forth above and in the Affidavit of Arthur N. Abbey submitted herewith, BankAmerica plaintiffs respectfully request that the Court award the attorneys' fees and expenses requested, award or reserve the amount of final fees and expenses requested by the claims administrator for its final services in distributing and winding down the BankAmerica settlement fund, order distribution of the funds remaining in the BankAmerica settlement fund, and approve the distribution of residual unclaimed funds as proposed.

Respectfully submitted,

ABBEY SPANIER, LLP

By: _____
Arthur N. Abbey
Stephen T. Rodd
212 East 39th Street
New York, NY 10019

Tel: (212) 889-3700
Fax: (212) 684-5191

Lead Counsel for the
BankAmerica Classes

GREEN JACOBSON, P.C.

Martin M. Green, MO16465
Joe D. Jacobson, MO33715
Jonathan F. Andres, MO39531
7733 Forsyth Blvd., Suite 700
Clayton, MO 63105

Tel: (314) 862-6800
Fax: (314 862-1606

Liaison Counsel