UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |
|---|---|
| IN RE BANK OF AMERICA CORP. SECURITIES LITIGATION ) ) ) ) ) ) ) ) | Case No. 4:99-MD-1264 (CEJ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the *pro se* motion of lead plaintiff and class representative David Oetting to set aside funds for reimbursement of expenses incurred in collateral litigation.

David Oetting is a member of the plaintiff class in a securities fraud class action that reached a settlement in 2002. During the distribution of settlement funds, the class fell victim to two separate fraudulent schemes. One of these schemes was conducted by Christian Penta, an employee of the claims administrator, Heffler, Radetich & Saitta, LLP (Heffler). The fraud resulted in a loss to the class of over five million dollars. Restitution in the amount of $280,000 was recovered from Penta.

Lead counsel for the class filed a supplemental complaint against Heffler, alleging breach of fiduciary duty, negligent misrepresentation, accountant malpractice, conversion, and money had and received. [Doc. #723]. The Court struck the complaint under Fed.R.Civ.P. 15, after concluding that the claims should be brought as a separate suit. [Doc. #763]. Lead counsel then entered into settlement discussions with Heffler. Meanwhile, Oetting decided to pursue litigation, and brought suit against Heffler in this Court on February 8, 2011. The case was transferred to the Eastern District of Pennsylvania and is now docketed as <u>Oetting v. Heffler, Radetich & Saitta, LLP</u>, No. 2:11-cv-4757-JD (E.D. Pa.). That case is currently stayed pending the

outcome of an insurance coverage action, which will determine the extent to which Heffler's insurance policy will cover the losses from Penta's fraud. <u>CAMICO Mut. Ins. Co. v. Heffler, Radetich & Saitta, LLP</u>, No. 2:11-cv-4753-JCJ. Heffler maintains that its own assets are grossly insufficient to compensate the class if Heffler is found liable, and Heffler's insurer disputes coverage.

Oetting requests that the Court set aside $25,000 from the surplus of the settlement funds to be used for reimbursement of his litigation expenses. He also requests that he and his attorney be allowed to present continuing statements of expenses for reimbursement.

The Court dismissed lead counsel's supplemental complaint against Heffler, because, among other reasons, the Court wished to avoid further delay of the *cy pres* distribution and ultimate disposition of settlement funds, and the final resolution of this case. [Doc. #763, p. 3]. Allowing Oetting to continuously present statements for reimbursement would result in the same delay. Oetting and his attorney may deduct their costs and expenses from whatever recovery is won for the class. However, there shall be no "set-aside" from the surplus funds to cover Oetting's expenses.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of David Oetting for reimbursement [Doc. #768] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 24th day of June, 2013.