UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | ) | |
|---|---|---|
| IN RE BANK OF AMERICA CORP. | ) | |
| SECURITIES LITIGATION, | ) | Case No. 4:99-MD-1264-CEJ |
| | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the amended motion of Abbey Spanier, LLP, lead counsel to the BankAmerica classes, to reimburse expenses and award attorneys' fees to counsel for post-settlement work, to reserve funds for payment to the claims administrator, Heffler, Radetich & Saitta, LLP (Heffler), and to approve two final distributions of the remaining balance of the BankAmerica classes settlement fund.[1] Lead plaintiff Walter E. Ryan, Jr. is the only objector to the proposal.

**I.  The Proposal**

Following the Order entered on April 13, 2015, and pursuant to *In re BankAmerica Corp. Sec. Litig.*, 775 F.3d 1060 (8th Cir. 2015), lead counsel proposes two additional distributions to exhaust the settlement fund. Counsel requests that after the award of $302,870.00 in attorneys' fees and $12,473.84 in expenses, and after reserving $30,000.00 for Heffler's administrative fees to oversee the distributions, the remainder of the approximately $1,373,945.00 in the fund should be distributed to eligible class claimants in the following manner:

First, within thirty days Heffler will issue checks to every member of the

---
[1]After the amended motion was filed, lead counsel filed a memorandum in support [Doc. # 836] which contains a revision of its proposed distribution plan. The Court will interpret the amended motion as requesting approval of the revised proposed distribution plan set forth in the memorandum.

BankAmerica classes who previously cashed their checks from the 2009 distribution, regardless of the amount to which those class members are now entitled (the fourth distribution). Each eligible class member will receive a pro rata share of the fund. The checks will be valid for 120 days. Following that, if any checks are not cashed, Heffler will undertake a diligent search for missing claimants and, where they can be located, it will re-issue checks to those claimants.

Second, after the time to cash the last of the fourth distribution checks and any re-issued checks has expired, Heffler will determine what funds, if any, remain in the settlement fund. Heffler will then disburse those funds via a final round of checks to the class members who cashed their fourth distribution checks or re-issued checks (the fifth distribution). It is expected that the class members who cash their fourth distribution checks will also cash their fifth distribution checks. No *cy pres* distribution is proposed at this time, although counsel does not rule out the possibility of such a distribution in the future.

## II. Attorneys' Fees

Ryan filed the only objection to counsel's proposal. He does not object to the proposed distributions, to Heffler's administrative fees, or to payment of counsel's expenses. His objection is to counsel's request for attorneys' fees for work performed on behalf of the classes from October 15, 2002 to April 16, 2013. He argues that counsel's previous fee award for its work up to 2002 is adequate compensation for the later, unexpected work in this protracted litigation.

"In general, post-settlement monitoring is a compensable activity for which counsel is entitled to a reasonable fee." *Id.* at 1068 (citation omitted). It is appropriate to compensate counsel for its post-settlement work in this case. This

2

litigation began in 1999 and a substantive settlement was reached in October 2002. There have been three distributions to the BankAmerica classes since then, in 2004, 2006, and 2009. However, unresolved issues remained: an unrelated third party's fraud was discovered; dozens of motions, responses, and replies were filed in this Court; and multiple appeals were presented to the United States Court of Appeals for the Eighth Circuit. Counsel continued to represent the interests of the BankAmerica classes throughout these events. Forswearing any compensation to which they might otherwise be entitled for their recent work, and in an effort to close this matter, counsel seek compensation only for their work from October 15, 2002 until April 16, 2013, the filing date of their first amended motion for attorneys' fees.

In those ten and a half years, counsel amassed $302,870.00 in fees for 372 hours of work. The Court has reviewed all of counsel's fee records and finds the proposed attorneys' fees reasonable, considering counsel's diligence and skill, as well as the extraordinary complexity and length of the post-settlement proceedings. *See In re BankAmerica Corp. Sec. Litig.*, 228 F. Supp. 2d 1061 (E.D. Mo. 2002) *aff'd*, 350 F.3d 747 (8th Cir. 2003); *In re Chrysler Motors Corp. Overnight Evaluation Program Litig.*, 736 F. Supp. 1007 (E.D. Mo. 1990).

Accordingly,

**IT IS HEREBY ORDERED** that the amended motion [Doc. # 828] is **granted**.

**IT IS FURTHER ORDERED** that:

1. The balance of the BankAmerica Classes Settlement Fund (the Fund), less the fees and expenses described herein, shall be distributed pro rata to eligible BankAmerica classes claimants (the Final Distributions) as follows:

(a) Within 30 days of the entry of this Order, the claims administrator, Heffler, Radetich & Saitta, LLP, shall calculate the pro rata share of the Fund for each of the BankAmerica Classes claimants who cashed their distribution checks from the 2009 distribution. Also within 30 days of the entry of this Order, Heffler shall send checks in the amount of their respective pro rata shares to each of those claimants. The checks shall be sent by first class mail. Before mailing the checks, Heffler shall submit the list of claimants to the United States Postal Service (USPS) for updating and standardization (Final Distribution 1).

(b) If any checks are returned by the USPS as undeliverable, Heffler shall either (i) re-mail those checks to the forwarding addresses provided by the USPS, or (ii), where forwarding addresses are not provided by the USPS, search for a current address for those claimants once by employing a commercial locator service, such as a credit reporting bureau or Lexis/Nexis. Heffler shall then re-mail checks to all claimants for whom an updated address is obtained. If Heffler is unable to obtain an updated address for a claimant, the claimant will be deemed "unlocatable," no further search will be performed, and Heffler shall not be required to re-mail or re-issue a check to that claimant.

(c) For claimants whose Final Distribution 1 checks are not returned as undeliverable but remain uncashed after 120 days from the date of

issuance, Heffler shall make a reasonable attempt to locate and notify those claimants that they may each request a re-issued check. Heffler shall then re-issue a check to each such claimant who requests one, which shall be sent by first class mail.

(d) The checks to be distributed pursuant to sub-paragraph 1(a) that are outstanding 120 days after the date of issuance shall be void and shall not be re-issued except as described in sub-paragraph 1(c). Any checks re-issued pursuant to sub-paragraph 1(c) that are outstanding 30 days after the date of issuance shall be void and shall not be re-issued.

2. All checks issued pursuant to this Order shall bear the following notation: "CASH PROMPTLY, VOID IF NOT CASHED WITHIN 120 DAYS FROM DATE ISSUED," except that all checks re-issued pursuant to sub-paragraph 1(c) shall bear the same notation but requiring that they be cashed within 30 days.

3. Any money remaining in the Fund after all checks issued in Final Distribution 1 have either been cashed or become void, except for amounts reserved for Heffler's fees and expenses, shall be distributed pro rata to all BankAmerica Class claimants who cashed their checks in Final Distribution 1. Heffler shall calculate the pro rata share of the Fund remaining for each of the claimants who cashed their checks in Final Distribution 1. As soon as is reasonably possible, Heffler shall then issue checks to each of those claimants and shall send those checks to the claimants by first class mail (Final Distribution 2).

4. The amount of $30,000.00 shall be reserved from the Fund prior to the Final Distributions to pay all final fees and expenses of Heffler associated with the distributions authorized by this Order, subject to final approval by the Court.

5. Prior to the Final Distributions, lead counsel for the BankAmerica Classes, Abbey Spanier, LLP, shall be paid attorneys' fees of $302,870.00 from the Fund for services rendered or to be rendered to the BankAmerica Classes from October 15, 2002 through termination of the Fund. Prior to the Final Distributions, Abbey Spanier, LLP shall also be paid $12,473.84 from the Fund to reimburse Abbey Spanier, LLP for expenses incurred providing services to the BankAmerica Classes from October 15, 2002 through the termination of the Fund.

6. This Court retains continuing jurisdiction over these consolidated actions for the purpose of considering any further application or matter that may arise in connection with the administration or execution of this Order and this settlement, including but not limited to the *cy pres* distribution of any funds remaining after the Final Distributions.

**IT IS FURTHER ORDERED** that the original motion for attorney's fees and to distribute funds [Doc. # 796] is **denied as moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of May, 2015.