UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | ) | |
|---|---|---|
| IN RE BANK OF AMERICA CORP. | ) | |
| SECURITIES LITIGATION, | ) | Case No. 4:99-MD-1264-CEJ |
| | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motions of David P. Oetting, the representative of the NationsBank classes, for appointment of a new lead counsel and for appointment of a separate bankruptcy counsel, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Also before the Court is the cross-motion of two former named partners of the now-defunct lead class counsel law firm, Green Jacobson, P.C. (hereinafter, "Green Jacobson Firm" or "Firm"), seeking appointment as co-lead class counsel. The issues are fully briefed.

**I.  Background**

Oetting raises two issues in the instant motions: First, he requests the appointment of Frank H. Tomlinson as new lead class counsel because Green Jacobson Firm is no longer in existence, is in receivership, and is involved in an involuntary Chapter 7 bankruptcy proceeding. Though they represent no class member in this litigation, Martin M. Green and Joe D. Jacobson (who now practice in separate firms) oppose Oetting's motion and move to have themselves appointed as co-lead class counsel. Second, Oetting moves for the appointment of Daniel D. Doyle as special bankruptcy counsel to represent the classes in the Green Jacobson Firm's bankruptcy proceedings.

**II.  Class Counsel**

For reasons unrelated to this litigation, the Green Jacobson Firm discontinued its practice of law on December 31, 2014. As such, the Firm cannot continue to serve as lead class counsel. Therefore, the Firm will be removed as lead class counsel and new lead counsel will be required. *See* Fed. R. Civ. P. 23(g)(1).

As attorneys Green and Jacobson concede, they and their new law firms are not presently representing the classes. However, Green and Jacobson are currently involved in other litigation with Oetting. In a separate lawsuit, Oetting purports to represent the classes as lead plaintiff against the Green Jacobson Firm—and thus its former named partners—for actions allegedly inimical to the classes. Because of this other pending case, the existence of an apparent if not an actual conflict of interest counsels strongly against appointing Green and Jacobson to represent the classes. Consequently, their motion for appointment will be denied.

The Court must next consider whether to appoint Oetting's nominee, Tomlinson, as lead class counsel. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."). To assessing lead class counsel, the Court looks to the factors articulated in Federal Rule of Civil Procedure 23. *See In re BankAmerica Corp. Sec. Litig.*, 350 F.3d 747, 752 (8th Cir. 2003) ("[I]t seems clear that [15 U.S.C. § 78u-4] was intended to supplement rather than replace Rule 23."). Factors the Court must consider when appointing class counsel under Rule 23 include:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class . . . .

2

Fed. R. Civ. P. 23(g)(1)(A). In addition to these mandatory requirements, the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class[.]" *Id.* 23(g)(1)(B). "[T]his requirement includes an inquiry into any potential conflicts of interest of class counsel." *E. Maine Baptist Church v. Regions Bank*, No. 4:05-CV-962-CAS, 2008 WL 293877, at *1 (E.D. Mo. Jan. 31, 2008).

The first factor under Rule 23(g)(1)(A) is less relevant today because the classes' claims have long been identified, investigated, and settled. According to Oetting, Tomlinson has been involved in this litigation for more than five years, including acting as Oetting's counsel in litigation against the claims administrator and the Green Jacobson Firm. Tomlinson's appointment would comport with Rule 23(g)(1)(A)(i).

In a declaration, Oetting states that Tomlinson has experience litigating class actions. But Oetting provides no support for that statement, such as examples of Tomlinson's previous class action work. Moreover, it is unclear whether Tomlinson has experience litigating other complex cases, or the types of claims involved in this case. Though he has been representing Oetting in ancillary litigation, it does not necessarily follow that Tomlinson possesses sufficient relevant experience to represent the classes as lead counsel. Therefore, it remains an open question whether Tomlinson's appointment would satisfy Rule 23(g)(1)(A)(ii).

As to the other mandatory factors the Court must consider, the Court has not been provided any information regarding Tomlinson's knowledge of the applicable law or what resources he is prepared to commit to representing the classes. Also, it is important to establish that Tomlinson's representation of the classes would not

3

present a conflict of interest. The Court will provide Oetting further opportunity to address the Rule 23(g)(1)(A) and (B) requirements and conflict of interest issue through supplemental briefing.

### III. Bankruptcy Counsel

Oetting requests that Doyle be appointed special bankruptcy counsel to represent the classes on their purported claims against the Green Jacobson Firm. But, Oetting does not identify what the bankruptcy claims are. Moreover, Oetting states that he seeks Doyle's appointment not to pursue these claims, but merely to "preserve and possibly pursue" them. [Doc. #830-1] The Court will not appoint a special bankruptcy counsel to represent the classes based on the mere speculation that counsel is necessary. Doing so would only needlessly increase the attorneys' fees associated with this litigation and drain yet more money from the settlement fund. Therefore, the motion for appointment of a special bankruptcy counsel will be denied.

\* \* \* \* \*

For the reasons discussed above,

**IT IS HEREBY ORDERED** that Green Jacobson, P.C. is removed as lead counsel to the NationsBank classes.

**IT IS FURTHER ORDERED** that the motion to appoint Martin M. Green and Joe D. Jacobson as co-lead counsel for the NationsBank classes [Doc. #826] is **denied**.

**IT IS FURTHER ORDERED** that the motion for appointment of a special bankruptcy counsel [Doc. #830] is **denied**.

**IT IS FURTHER ORDERED** that, within 30 days of the date of this Order,

David P. Oetting shall file a supplemental memorandum in support of his motion for the appointment of Frank H. Tomlinson as lead counsel for the NationsBank classes that addresses the requirements of Federal Rule of Civil Procedure 23(g)(1)(A)–(B) and the issue of conflict of interest.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 29th day of May, 2015.