UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | ) | |
|---|---|---|
| IN RE BANK OF AMERICA CORP. | ) | |
| SECURITIES LITIGATION, | ) | Case No. 4:99-MD-1264-CEJ |
| | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of David P. Oetting, the representative of the NationsBank classes, for reconsideration of the May 29, 2015 Order denying his motion to appoint Daniel Doyle as counsel to represent the classes in Green Jacobson, P.C.'s involuntary Chapter 7 bankruptcy proceedings. Also before the Court is Oetting's motion for a hearing.

## I. Legal Standard

Federal Rule of Civil Procedure 60(b) sets forth grounds for relief from a final judgment, order, or proceeding. Upon a party's motion and on "just terms," the Court may grant such relief for any of six reasons. *See* Fed. R. Civ. P. 60(b). As applicable here, Rule 60(b)(6) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Robinson v. Armontrout*, 8 F.3d 6, 7 (8th Cir. 1993). The "exceptional circumstances" must have "denied the movant a full and fair opportunity to litigate his/her claims and have prevented the movant from receiving adequate redress." *Hodge v. Burlington N. & Santa Fe Ry. Co.*, 461 F. Supp. 2d 1044, 1054 (E.D. Mo. 2006) (citing *Harley v. Agostini*, 413 F.3d 866, 871 (8th Cir. 2005)).

## II. Discussion

Oetting is involved in three cases that are pending in the district, appellate, and bankruptcy courts. In the instant case ("the securities case"), Oetting is the representative of the NationsBank classes. In an action brought against the Green Jacobson law firm ("the malpractice case"), which is on appeal, Oetting represents himself, not the classes.[1] In the bankruptcy proceedings against Green Jacobson ("the bankruptcy case"), Oetting claims to be representing the interests of the classes as well as his own interests.

In his motion, Oetting asserts that the interests of the classes may be harmed if they are not represented by counsel in the bankruptcy case. First, Oetting states that the classes' right to recoup $98,000 in attorneys' fees awarded to Green Jacobson for its post-settlement work in the securities case will be impaired if those funds are declared part of Green Jacobson's bankruptcy estate.[2] While the classes certainly have an interest in the attorneys' fees stemming from the securities case, there is no risk to the classes that those fees will be incorporated in the bankruptcy estate. On January 28, 2015, Green Jacobson transferred $99,002.69 to its client trust account following the Eighth Circuit's decision to vacate the attorneys' fees award in the securities case. [E.D. Mo. Bankr. No. 15-41404, Doc. #92 at 22] The funds are thus safeguarded from the defunct firm's creditors until the district court determines what portion of the fees, if any, should be awarded or returned to the settlement fund. Therefore, the classes do not need bankruptcy counsel to protect their interest in the fees.

---

[1] *David Oetting v. Green Jacobson, P.C., et al.*, No. 4:13-CV-1148 (E.D. Mo.). No motion for class certification was granted in the malpractice case. Also, the district court ruled that Oetting lacked standing to assert some of his claims and that other claims were barred by collateral estoppel.

[2] The attorneys' fees award was vacated by the Eighth Circuit. *See In re BankAmerica Corp. Sec. Litig.*, 775 F.3d 1060. The fees that Green Jacobson is entitled to receive for its post-settlement work remain under review until this Court determines how to distribute the settlement fund.

Second, Oetting argues that the classes' right to further compensation from the NationsBank Classes Settlement Fund will be impaired if the settlement fund is declared part of the bankruptcy estate. The corpus of the settlement fund is not at risk of being subsumed by the bankruptcy estate. Following Oetting's challenge to the *cy pres* award in the securities case, the settlement fund was placed in a trust account by Legal Services of Eastern Missouri, not Green Jacobson.[3] The settlement fund will remain in the trust account until this Court determines the best method to make further distributions to the classes. Moreover, Oetting provides no citation to the bankruptcy docket record for the proposition that the trust account is at risk of being added to the bankruptcy estate. And the Court has found no suggestion anywhere in the bankruptcy case docket that any party to the bankruptcy case believes the trust account ought to be part of the bankruptcy estate. As such, there is no risk that the classes' right to the settlement fund will be impaired by the bankruptcy case.

Third, Oetting asserts that the classes' right to sixteen years of case files may be impaired if the bankruptcy trustee succeeds on his plan to abandon the case files. Although it is true that the bankruptcy trustee is seeking to "abandon" Green Jacobson's files, that is not the full extent of the story. [E.D. Bankr. No. 15-41404, Doc. #93 at 4]. Even though the files will be "abandoned" in the sense that they will no longer be held in the bankruptcy estate, the trustee has explicitly sought to avoid destroying the files. That is because it is undisputed that the individual attorneys, as opposed to the law firm, have an ethical and legal obligation to retain the files of their former clients. By "abandoning" the files, the

---

[3] Indeed, the settlement fund is not listed on Green Jacobson's schedule of assets in the bankruptcy case.

3

trustee merely seeks to shift the responsibility to maintain those records to the individual attorneys. Doing so poses no risk to the classes. Moreover, once new class counsel is appointed in the securities case, the former class counsel will have a duty to transfer the safeguarded files in their custody to the new class counsel.

Fourth, Oetting asserts that the classes' right to pursue the malpractice case may be impaired if counsel cannot petition the Bankruptcy Court to lift the bankruptcy stay on the classes' behalf. The classes are not parties to the malpractice case. The Court dismissed the malpractice case for lack of subject matter jurisdiction and because Oetting's breach of fiduciary duty claim was barred by collateral estoppel. The case is now on appeal; Oetting has retained Doyle to represent him in seeking an order lifting the bankruptcy stay so as to permit the malpractice case to proceed through its appeal. In addition, Oetting seeks certification in the malpractice case of a class consisting of all the NationsBank class members from the securities case. But because the Court ruled against Oetting on all of his claims, and because no class was ever certified in the malpractice case, the classes do not have any malpractice or breach of fiduciary duty claims against Green Jacobson. Therefore, the classes need no counsel in the bankruptcy case to protect any interest in such a claim.

Finally, Oetting contends that appointment of Doyle is necessary as the bankruptcy trustee is demanding that a $77,000 debt allegedly owed by the classes to Green Jacobson be paid to the estate. The Court has searched the docket record for the bankruptcy and finds no mention of this alleged demand. Also, Oetting has not provided the Court with any documentation reflecting the demand or the

4

alleged debt. Because it has not been shown that the trustee is seeking to recover any money from the classes, the Court will not appoint counsel.

*****

For the reasons discussed above, the Court concludes that no extraordinary circumstances warrant vacating the May 29, 2015 Order denying Oetting's motion for appointment of bankruptcy counsel. The motion for reconsideration and the motion for a hearing will be denied.

### III. Doyle's Actions in the Bankruptcy Case

Having reviewed the filings and audio records of the hearings in the bankruptcy case, the Court is concerned that statements made by Doyle give the false impression that he is representing the NationsBank classes. Doyle has filed a document in the bankruptcy case in which he enters his appearance "on behalf of David P. Oetting, class representative for the NationsBank Holder Class appointed in In re BankAmerica Corp. Securities Litigation, Case No. 99-MDL-1264 (E.D.Mo.)." He has also filed a proof of claim purportedly on behalf of the classes and he has attended several hearings in the bankruptcy court in which he identified himself as the attorney for Oetting in his capacity as class representative. Doyle may serve as counsel for Oetting individually in the bankruptcy case. But, he has no authority to identify himself as the attorney for Oetting as lead plaintiff for the classes or otherwise as the attorney for the classes. Accordingly, the Court will order Doyle to cease identifying himself in a manner that suggests that he is the attorney representing the classes.

* * * * *

For the reasons discussed above,

**IT IS HEREBY ORDERED** that the motions of David P. Oetting to vacate or amend the May 29, 2015 Order [Doc. #844] and for a hearing [Doc. #843] are **denied**.

**IT IS FURTHER ORDERED** that Daniel D. Doyle shall immediately cease stating or suggesting that he represents the NationsBank classes or that he represents David P. Oetting in his capacity as the NationsBank classes' representative. Mr. Doyle shall also file in <u>In re Green Jacobson, P.C.</u>, Case No. 14-41404, such documents as may be necessary to clarify to the U.S. Bankruptcy Court for the Eastern District of Missouri that he does not represent the NationsBank classes or their class representative.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of June, 2015.