UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN RE BANK OF AMERICA CORP.    )
SECURITIES LITIGATION,          )      Case No. 4:99-MD-1264-CEJ

## MEMORANDUM AND ORDER

This matter is before the Court on the amended motion of David P. Oetting, the representative of the NationsBank classes, for appointment of a new lead counsel, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Previously, Oetting moved to appoint Frank H. Tomlinson as new lead class counsel, following the Court's removal of the now-defunct law firm of Green Jacobson as lead class counsel on May 29, 2015. The Court ordered Oetting to submit a supplemental brief addressing Tomlinson's qualifications to serve as lead class counsel. Oetting responded on June 24.

The Court must consider whether to appoint Oetting's nominee, Tomlinson, as lead class counsel. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."). To assess lead class counsel, the Court looks to the factors articulated in Federal Rule of Civil Procedure 23. *See In re BankAmerica Corp. Sec. Litig.*, 350 F.3d 747, 752 (8th Cir. 2003) ("[I]t seems clear that [15 U.S.C. § 78u-4] was intended to supplement rather than replace Rule 23."). Factors the Court must consider when appointing class counsel under Rule 23 include:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the

action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class . . . .

Fed. R. Civ. P. 23(g)(1)(A). In addition to these mandatory requirements, the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class[.]" *Id.* 23(g)(1)(B). "[T]his requirement includes an inquiry into any potential conflicts of interest of class counsel." *E. Maine Baptist Church v. Regions Bank*, No. 4:05-CV-962-CAS, 2008 WL 293877, at *1 (E.D. Mo. Jan. 31, 2008).

The first factor under Rule 23(g)(1)(A) is less relevant today because the classes' claims have long been identified, investigated, and settled. Tomlinson has been involved in this litigation for more than five years, including acting as Oetting's counsel in litigation against the claims administrator and Green Jacobson. Tomlinson's appointment would comport with Rule 23(g)(1)(A)(i).

Oetting's supplemental brief and the attached declaration of Tomlinson detail Tomlinson's decades of experience litigating class actions. Moreover, Tomlinson has experience litigating other complex cases, and the types of claims in this case. Tomlinson's appointment would satisfy Rule 23(g)(1)(A)(ii).

Furthermore, Tomlinson appears to have relevant knowledge of the applicable law governing this case, as evidenced by his role as lead counsel in the case against the claims administrator. *See* Fed. R. Civ. P. 23(g)(1)(A)(iii). Tomlinson has devoted five years to collateral litigation involving the classes, he has travelled repeatedly to St. Louis and Philadelphia to conduct that litigation, and he has invested time and resources in the case, so he appears to have the necessary resources to protect the interests of the classes. *See id.* 23(g)(1)(A)(iv).

Finally, Tomlinson attests that he has no interests adverse to the classes, and no such interest is readily apparent. Accordingly, Tomlinson's appointment comports with Rule 23(g)(1)(A), and the motion to appoint him as lead class counsel to the NationsBank classes will be granted.

* * * * *

**IT IS HEREBY ORDERED** that the amended motion for appointment of lead class counsel [Doc. #824] is **granted**.

**IT IS FURTHER ORDERED** that Frank H. Tomlinson is appointed as lead counsel for the NationsBank classes.

**IT IS FURTHER ORDERED** that the original motion for appointment of lead class counsel [Doc. #823] is **moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 8th day of July, 2015.