UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | ) | |
|---|---|---|
| IN RE BANK OF AMERICA CORP. | ) | |
| SECURITIES LITIGATION, | ) | Case No. 4:99 MD 1264 CDP |
| | ) | |
| | ) | |

# MEMORANDUM AND ORDER

This case is before the Court on the motion of David Oetting, class representative of the NationsBank class, seeking an order directing previous class counsel to turnover funds to the Clerk of Court that belong to the NationsBank settlement class and are currently being held in a specific US Bank Account. No responses or objections to the motion have been filed. However, because I believe that the ongoing audit should reveal the location of all NationsBank settlement funds and provide the information for a one-time consolidation of all such funds, I will deny the motion at this time, subject to reconsideration at a later date. Based on the auditors' August 2017 status report to the Court, a deadline for audit completion will be set. Furthermore, because the motion before the Court raises concerns about compliance with the Court's Order issued July 31, 2017, I will order the filing of a report updating the Court on the status of compliance with that mandate.

## Background

This litigation began as a class action under the Private Securities Litigation Reform Act of 1995 (PSLRA), 15 U.S.C. § 78u-4. Plaintiffs alleged losses from misrepresentations in the prospectus and proxy materials provided to shareholders during the 1998 merger of NationsBank and BankAmerica. The cases were transferred by the Judicial Panel on Multidistrict Litigation to the Eastern District of Missouri. Four plaintiff classes were certified: two classes of NationsBank shareholders and two classes of BankAmerica shareholders. The cases were resolved with a global settlement agreement for $490 million which was approved by the district court in 2002 and affirmed by the court of appeals in 2003. ECF Nos. 571, 602. Two settlement funds were established – one for each of the two sets of classes – with the NationsBank Classes receiving approximately $333.2 million ("Settlement Fund"). As part of the settlement, Bank of America disclaimed any interest in the Settlement Fund such that any remaining money after distribution to class members would not revert back to it.

In 2008, the government discovered that an employee of the claims administrator in this case, Heffler, Radetich, & Saitta, LLP, had stolen more than five million dollars from the Settlement Fund. The resulting fraud proceedings delayed distribution of further funds in this matter; however, two rounds of distributions to class members were finally completed. After those distributions,

this court ordered a *cy pres* distribution of the remaining Settlement Fund in 2013. The *cy pres* distribution was vacated on appeal by the Eighth Circuit in 2015, and the *cy pres* recipient returned the money by depositing it into the Court Registry.

When the Eighth Circuit overturned the *cy pres* distribution, it also vacated an award by the district court of more than $98,000 in attorneys' fees to class counsel, Green Jacobson. Between the district court's award of fees and the appellate court reversal, Green Jacobson filed bankruptcy. The appointed bankruptcy trustee, David Sosne, currently controls Green Jacobson's trust account, where the attorneys' award monies were deposited following the Eighth Circuit's ruling. Green Jacobson has since been replaced as class counsel by Frank H. Tomlinson.

Following the *cy pres* reversal in 2015, this Court approved the hiring of Anders Minkler Huber & Helm LLP to conduct an audit of the NationsBank class settlement fund. ECF No. 881. It was determined that an audit was necessary due to the lack of current status reports and the evidence of missing funds. This audit is currently ongoing. When the Court initially ordered the audit in 2015, it also ordered that "on the first business day of each month following retention of the auditors, counsel for the NationsBank classes shall submit to the Court a report describing the work performed and the costs incurred in connection with the audit." ECF No. 881 at 2. It appears from the record that these monthly status

reports were filed for a couple of months following the order; however, they were discontinued in June of 2016. *See* ECF Nos. 894, 901, 902, 910, 918, & 922. The Court again ordered a report on the audit in July 2017, specifically requesting a proposal detailing the remaining audit work to be performed and the number of hours reasonably expected to be expended. ECF No. 935. The August 2017 response to the Court order estimated that the "total fee for the remaining scope of work will not exceed $125,000, or 416 hours." ECF No. 941-1 at 3. The case was transferred to the undersigned in August of 2017.

## **Discussion**

Class representative Oetting now requests an order from the Court directing the "partners-members-shareholders of previous class counsel (Green Jacobson, P.C., Debtor in Bankruptcy Case No. 15-41404, E.D. Mo.), Martin M. Green, Joe D. Jacobson, and Jonathan F. Andres, (herein, "Partners") to turnover funds belonging to the NationsBank Settlement Classes, presently being held in their names." Oetting provided an account statement from a US Bank Account Number ending 1500, entitled "NationsBank Notice & Administration Fund Settlement Distribution Account, Advisory Agency Martin M. Green, Joe D. Jacobson and Jonathan F. Andres Co-Actors," showing a balance of $34,067.30 as of August 31, 2017. ECF No. 944-1 at 2-5.

A review of the court file in this case indicates that the Court has been aware of this account and its remaining settlement funds for many years. On July 2, 2013, class counsel filed a report informing the Court that it held back money to pay anticipated administrator fees at the time of the Court-ordered *cy pres* distribution. *See* ECF No. 806 ("NationsBank Classes have retained approximately $33,000 in the Nations-Bank Classes settlement fund as a cautionary step in light of the Claims Administrator's assertion that it is owed fees of approximately $28,000.") Following the reversal of the *cy pres* distribution, the initial audit work discovered the existence of this account by November 2015. *See* ECF No. 894 ¶ 9 ("As a part of the initial work for performing the audit, the undersigned has discovered at least one account, a distribution account, still has approximately $34,000.00 in it that was never distributed."). In the same month, a report submitted to the Court by Heffler established that the balance in Bank Account #1500 was $34,229.51, as of September 30, 2015. ECF No. 895 at 3.

The purpose of the ongoing audit is to locate and account for all the remaining NationsBank settlement funds. As previous reports to the Court have indicated, the US Bank Account 1500 is known by the auditors.[1] Rather than

---

[1] The Court does question why previous class counsel Green Jacobson and its attorneys still have their name on this NationsBank class account. Green Jacobson PC "is no longer in existence and the individual attorneys' representation of the class has terminated." ECF No. 932 at 1. In July 2017, the Court ordered attorneys Green, Jacobson, and Andres, and all persons working with them to "deliver to class counsel Frank H. Tomlinson all case files, documents, and *other*

granting this motion for turnover of funds during the pendency of the audit and creating the possibility of piecemeal collection of all NationsBank settlement funds, the Court would rather have the audit concluded and then issue any orders necessary to consolidate funds. Based on the auditors' August 29, 2017, report to the Court estimating the need for approximately 416 more hours of audit work, I will order that the audit in this case be complete by June 27, 2018.

    Oetting's motion also raises an issue that needs resolution in order for this case to proceed. On July 31, 2017, the Court ordered that Heffler reissue three distribution checks to Oetting. ECF No. 936. According to Oetting, there is presently "no mechanism for Heffler to issue the checks to Mr. Oetting," presumably because the Clerk of Court holds the majority of the settlement funds in the Court Registry. ECF No. 944 at ¶ 10. Heffler has not filed anything with the Court indicating an inability to proceed as ordered by the Court; however, the Court is concerned about this potential discrepancy. Therefore, Heffler shall file a report updating the Court on its compliance with the July 31, 2017, Order. If Heffler has not been able to reissue the distribution checks because of lack of access to settlement funds or for any other reason, Heffler shall calculate the total amount needed to reissue these checks and file a motion with the Court requesting that amount from the settlement funds held in the Court Registry.

---

*materials pertaining to this action in their possession or under their control* by **August 10, 2017**." *Id*. at 2 (emphasis added).

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Turnover Order of NationsBank Settlement Funds [944] is **DENIED** at this time, but a motion seeking similar relief may be filed, if appropriate, after the completion of the audit.

**IT IS FURTHER ORDERED** that the audit in this case shall be completed by **June 27, 2018**, and a final report from the auditors shall be filed by **June 27, 2018**. Any motions based on the final audit report shall be filed by **July 13, 2018**.

**IT IS FINALLY ORDERED** that Heffler shall file a report with the court by **April 13, 2018**, updating the Court on its progress in complying with the July 31, 2017, Order. ECF No. 936. Any motions for funds from the Court Registry required to comply with that Order shall be filed by **April 13, 2018**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of March, 2018.